JOSEPH D. BAKER, WILLIAM P. MAULSBY, JR., and BENJAMIN F. REICH, Trustees in Insolvency vs. PHILIP B. KUNKEL.

*Act of Insolvency—Unlawful preference—Void mortgage.*

Where less than four months has elapsed from the recording of a mortgage to the institution of a proceeding in insolvency by a creditor, the jurisdiction of the insolvent Court to pronounce it an "act of insolvency," is complete; and where the mortgagee does not intervene to protect his mortgage, or resist the adjudication, and takes no appeal therefrom, the effect of such adjudication, in conjunction with the express terms of the insolvent law, is to strike down the mortgage and make it void.

APPEAL from the Circuit Court for Frederick County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued for the appellants before MILLER, STONE, ROBINSON, IRVING, and BRYAN, J., and submitted for the appellee.

*Benjamin F. Reich,* and *William P. Maulsby, Jr.,* for the appellants.

*Charles W. Ross,* for the appellee.

MILLER, J., delivered the opinion of the Court

The appellants, who are the permanent trustees in insolvency of George W. Titlow, filed the bill in this case to vacate and annul a mortgage from the insolvent to the appellee, Philip B. Kunkel, executed and

recorded on the 5th of August, 1887. The mortgage on its face shows that it was made to secure a *pre-existing* debt of $1500, and also as indemnity for obligations *previously* incurred by the mortgagee by way of accepting drafts drawn on him by Titlow, to the extent of $7000. The bill refers to the proceedings in insolvency under which Titlow was adjudged an insolvent, and, for the purposes of this case, nothing more is necessary than an examination of this proceeding, which is set out in the record.

The proceeding was instituted by a creditor, and his petition, which was filed on the 26th of October, 1887, charged in substance, that Titlow was a merchant and trader, and while insolvent and in contemplation of insolvency, made unlawful preferences, *first,* by executing, on the 27th of July, 1887, a mortgage to the Fredericktown Savings Institution to secure a debt of $5000, part of which petitioner believes was incurred prior to the mortgage, and *second,* by executing *the mortgage in question* to Kunkel. In his answer to this petition Titlow admitted all its material averments, except that he denied that any part of the consideration for the mortgage to the Savings Institution was a pre-existing debt, and averred that, on the day the mortgage is dated, he obtained a loan of $5000 and gave his note for it secured by the mortgage. The case was submitted on this petition and answer, and the Court thereupon, on the 19th of November, 1887, adjudged and declared Titlow to be an *insolvent.*

From this it is manifest that the adjudication was founded on this mortgage as making an unlawful preference. Less than four months had elapsed from the time it was recorded to the taking of the proceeding by the creditor. The *jurisdiction* of the insolvent Court to pronounce it an "act of insolvency" was therefore complete. Mr. Kunkel did not intervene to

protect his mortgage or resist the adjudication and took no appeal therefrom.

In this state of case the effect of the adjudication by the insolvent Court, in conjunction with the express terms of the insolvent law, is to strike down this mortgage and make it void. It is equivalent to, and has all the force of a judgment *in rem.* This was decided in the case of *Brown vs. Smart, et al.*, 69 *Md.*, 320, in which the construction and effect of our insolvent law, as modified by recent legislation, were carefully and thoroughly considered. The mortgage in question falls under the same clauses of the law, and must meet the same fate that befell the deed of trust in that case. The defence taken by the appellee in his answer to this bill, that the mortgage was executed in pursuance of a previous promise by Titlow, if there is any thing in it, should have been interposed in the insolvent proceeding, and he should have taken an appeal from the adjudication in that proceeding. As the case stands, the filing of the bill by the trustees in insolvency, to set aside this mortgage was a superfluous, and unnecessary act. We shall therefore affirm the *pro forma* decree which dismisses this bill.

*Decree affirmed.*